IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JASON W. MANES                                                                                              PLAINTIFF
ADC #662848

v.                                           2:23-cv-00119-BSM-JJV

DUMAS CITY JAIL; and
CITY OF DUMAS, ARKANSAS                                                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

In May 2023, Jason W. Manes ("Plaintiff") filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging he slipped in water, fell to the floor, and injured his hip, back, and head while he was a convicted prisoner in the Dumas City Jail. (Doc. 1.) On June 1, 2023, I entered an Order explaining several pleading deficiencies to Plaintiff and giving him thirty days to file an Amended Complaint curing them. (Doc. 7.) Plaintiff has timely filed an Amended Complaint against the

1

Dumas City Jail and the City of Dumas. (Doc. 8.) After careful consideration, I conclude it does not contain a plausible claim upon which relief may be granted for the following reasons.[1]

First, jails are not proper defendants in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008). Thus, all claims against the Dumas City Jail should be dismissed.

Second, the City of Dumas cannot be held vicariously liable for the actions of its' employees in a § 1983 lawsuit. *Id.* Instead, the City can only be held liable if a constitutional violation resulted from an official municipal policy, an unofficial custom, or deliberately indifferent failure to train or supervise. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Thus, when bringing an official capacity claim only, a prisoner must provide facts establishing a constitutional violation and then provide additional facts suggesting the City should be held liable because the constitutional violation was the result of an official policy, unofficial custom, or deliberately indifferent failure to train or supervise.

Plaintiff's allegations fall short of establishing a constitutional violation. Specifically, to plead a plausible inadequate medical care claim, there must be facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) jailers subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). In the Amended Complaint, Plaintiff says

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

the fall caused unspecified injuries to his back, hip, and head that caused headaches. Arguably these are objectively serious medical needs. But, despite my previous directions, Plaintiff has not explained what medical care he received at the jail for those injuries or how that medical care was constitutionally inadequate. *See Shipp,* 9 F.4th at 703 (to establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk"); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010) (deliberate indifference is a high threshold that goes well beyond negligence or gross negligence and a mere disagreement with care is not sufficient). Plaintiff's mere conclusory allegation that jailers "deliberately disregarded that serious medical need" - without any supporting facts - is insufficient. (Doc. 8 at 4); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim). Thus, he has not pled a plausible inadequate medical care claim.

Next, to properly plead an Eighth Amendment conditions of confinement claim, there must be facts suggesting: (1) objectively, Plaintiff was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, jailers were deliberately indifferent to the risk of harm posed by those conditions. *See Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.,* 607 F.3d 543, 548-49 (8th Cir. 2010). Plaintiff says jailers put a bucket under a leaking pipe in pod E, which they emptied each day. However, jailers allegedly forgot to dump the bucket over the weekend he was injured and had a plumber fix the pipe on the following day. These allegations fall short because a § 1983 action cannot be based on negligence or even gross negligence in preventing a slip and fall. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999); *Walker v.*

3

*Reed*, 104 F.3d 156, 157 (8th Cir. 1997). Instead, to constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Washington v. Denney*, 900 F.3d 549, 560 (8th Cir. 2018). And, importantly, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Blair v. Bowersox,* 929 F.3d 981, 988 (8th Cir. 2019). Thus, I conclude he has not pled a plausible conditions of confinement claim.

Finally, even if I found Plaintiff had pled a plausible inadequate medical care and/or conditions of confinement claim, the allegations in the Amended Complaint are not sufficient to impose liability on the City. Plaintiff is not claiming an official City policy caused his fall or lack of medical care. In the alternative, to establish municipal liability through an unofficial custom/practice, there must be facts suggesting: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the known, persistent custom or practice was a moving force behind the constitutional violation. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 930 (8th Cir. 2020); *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014). Nothing in the Amended Complaint suggests a widespread, persistent pattern of falls or inadequate medical care for injuries caused by such falls. *See Corwin v. City of Indep., MO.*, 829 F.3d 695, 700 (8th Cir. 2016) ("Generally, an isolated incident of alleged ... misconduct ... cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983"). And Plaintiff has not provided facts suggesting City policymaking officials were aware of but deliberately indifferent to a continual or persistent problem at the jail. *See City of*

4

*Canton v. Harris*, 489 U.S. 378, 385 (1989) (a "municipality can be found liable under § 1983 only where the municipality <u>itself</u> causes the constitutional violation at issue") (emphasis in the original). Accordingly, I conclude Plaintiff has not pled a plausible claim for relief.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 8) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal of this case count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE